## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**TERRANCE GIVENS,**  an individual,

      Plaintiff,

                              **CASE NO.**

vs.

**DIGITAL RISK MORTGAGE
SERVICES, LLC.** a
Foreign Limited Liability Company,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **TERRANCE GIVENS** ("Plaintiff" or "Givens"), through undersigned counsel, files this Original Complaint and Demand for Jury Trial against Defendant, DIGITAL RISK MORTGAGE SERVICES, LLC, a Foreign Limited Liability Company, ("Defendant" or "Digital Risk"), and states as follows:

## PRELIMINARY STATEMENT

1.      This is a claim by Plaintiff TERRENCE GIVENS against his former employer, DIGITAL RISK, for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, Section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101, *et seq,* and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760 *et. seq.*

2.      In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that employees with serious health conditions have "inadequate job security" when they have to leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4). The FMLA provides eligible employees, like Plaintiff, with unpaid,

job-protected leave in the event they are suffering from a serious medical condition. 26 U.S.C. § 2612(a)(1). An employee that takes FMLA protected leave is entitled to return to the same position after coming back to work. 29 U.S.C. § 2614(a)(1). Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an employer to discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA. 29 U.S.C. § 2615(a)(2).

3.      The Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq*., as amended (the "ADA"), is also a remedial statute aimed at combating Congress's findings that discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals with respect to individuals with disabilities is to assure equality of opportunity and participation. 42 U.S.C. § 12101(a)(1)-(8).   The ADA is meant to protect qualified employees, like Plaintiff, from discrimination, harassment and retaliation in the workplace an account of a real or perceived mental or physical disability.  42 U.S.C. § 12112. Therefore, termination on account of an employee's real or perceived disability is unlawful.

4.      The Employee Retirement Income Security Act ("ERISA") was passed in 1974. In passing the Act, Congress found that the "continued well-being and security of millions of employees and their dependents" depends directly on ensuring safeguards with respect to employee benefit plans. 29 U.S.C. § 1001(a).   Congress also found it to be "desirable in the interests of employees and their beneficiaries, for the protection of the revenue of the United States, and to provide for the free flow of commerce, that minimum standards be provided assuring the equitable character" of employee benefit plans under ERISA. *Id*.

5.      ERISA was enacted "to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries . . . establishing standards of

conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). Section 510 of ERISA makes it unlawful "for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140.

6.      Plaintiff, Terrence Givens, suffers from a disability/handicap that is also a chronic severe health condition entitling him to benefits under the FMLA and protection from discrimination under the ADA and Florida Civil Rights Act, Fla. Stat. 760 et. seq. (the "FCRA"). Mr. Givens made the Defendant aware of his condition, his anticipated treatment plan, and his need for leave.   Mr. Givens applied for intermittent and fixed FMLA leave related to his diagnosed disabilities of depression, anxiety and insomnia.   Defendant initially moved Plaintiff, as well as two other team members that had taken FMLA leave, from their role as loan processors, to a "special" team that essentially updated home owners' insurance declarations, a marked reduction in job duties and scope.   The "healthy" team members were promoted to quality assurance roles.   Approximately one month later, while on fixed FMLA leave related to his disabilities, Mr. Givens, was notified that his employment with the Defendant would end effective September 8, 2017.   The stated reasons for Mr. Givens' move to the new team and his termination were pretextual, and fabricated post-hoc after he engaged in protected activity.

7.      Accordingly, Mr. Givens seeks all available relief in law and equity, including but not limited to: (i) a declaration from this Court that Defendants' actions were unlawful; (ii) back pay and front pay (where reinstatement is not feasible); (iii) medical expenses; (iv) compensatory damages in whatever amount he is found to be entitled; (v) liquidated damages in whatever amount he is found to be entitled; (vi) an award of interest, costs and reasonable attorney's fees and expert witness fees; (vii) punitive damages; (viii) equitable relief; (ix) declaratory relief; (x)

pre-judgment and post-judgment interest (where allowable); and (xi) a jury trial on all issues so triable.  .

## JURISDICTION AND VENUE

8.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, Title I of the ADA, as amended, Title 1 of the Civil Rights Act of 1991, 29 U.S.C. § 2617(a)(2) of the Family Medical Leave Act, and 29 U.S.C. § 1132(e) ERISA and has authority to grant declaratory relief under the ADA, FMLA and pursuant to 28 U.S.C. § 2201 et seq.

9.     Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendants do business in this judicial district and the majority of the acts complained of took place in this judicial district..

## PARTIES

10.     At all times material to this action, Plaintiff was a resident of Duval County, Florida.

11.     At all times material to this action, Digital Risk Mortgage Services, LLC was, and continues to be a Limited Liability Company, engaged in business in Florida, doing business in Duval County, Florida.

12.     From in or around April 2014 to his termination in September 2017, Plaintiff was employed and working for the Defendant in their Jacksonville, Florida offices.

13.     At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

14.     The FMLA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee".  29 U.S.C. § 2611(4)(ii)(I).

15.     Defendant is an employer as defined under the FLMA.

16.     "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

17.     At all times material to this action  Defendant directly or indirectly, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

18.     Defendant employed Plaintiff.

19.     Defendant is an employer under the FMLA because it engaged in commerce or in an industry affecting commerce and employ 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

20.     At all times relevant hereto, Plaintiff worked at a location where Defendant employed 50 or more employees within 75 miles.

21.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to seeking to exercise his rights to FMLA leave.

22.     At all times material hereto, the Defendant was an "employer" covered under the ADA.

23.     At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of the FMLA.

24.     At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of the ADA.

25.     At all times relevant, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b),(g) and (h), as well as within the meaning of the ADA, 42 U.S.C. § 12111(5).

26.     At all times material hereto, Plaintiff has a disability/handicap as defined by the ADA and the FCRA.

27.     Plaintiff suffers from chronic depression, anxiety, and insomnia, that substantially limits one or more major life activities including major body functions such as sleeping, learning, concentrating, thinking, interacting with others, caring for oneself, speaking, and/or performing manual tasks.

28.     At all times material hereto, Plaintiff is a "qualified individual" under the ADA since he can perform the primary duties of his job with or without an accommodation.  See 42 U.S.C. § 12111(8).Plaintiff is covered by the ADA because he is an individual who:

a.      Has a physical impairment that substantially limits one or more major life activities or bodily functions;

b.      Has a record of physical impairment that substantially limits one or more major life activities or bodily functions; and/or

c.      Was regarded as having a physical impairment that substantially limits one or more major life activities or bodily functions.

29.     Plaintiff is protected by the FMLA, the ADA, ERISA, and the FCRA.

## **CONDITIONS PRECEDENT**

30.     Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

31.     Mr. Givens has exhausted his administrative remedies available to him.

32.     On or about April 30, 2019, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue against Defendant with regard to this matter.  A copy of the Right to Sue letter is attached as **Exhibit A.**

33.     Plaintiff files his complaint within the applicable statute of limitations.

34.     Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days passed since the filing of the charge, prior to the FCHR making a determination, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts as circumstances as the federal claims.

35.     All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

36.     At all times relevant to this action,  Defendant failed to comply with 29 U.S.C. § 2601, et seq., and 42 U.S.C. § 12101, *et. seq*., because Plaintiff validly exercised his rights pursuant to the FMLA and Defendant (i) interfered with Plaintiff's right to take FMLA leave' (ii) failed to provide Plaintiff with notice of his rights under the FMLA; (iii) discriminated against Plaintiff for taking FMLA leave; (iv) failed to reinstate Plaintiff to his position or a substantially similar position; and (iv) retaliated against Plaintiff because he took FMLA leave and would need additional leave,.

37.     At all times relevant to this action, Defendant failed to comply with 42 U.S.C. § 12101 *et. seq*., and the FCRA, because Plaintiff disclosed the nature and extent of his disabilities, and as a result, Defendant discriminated and retaliated against Plaintiff because of his real or perceived disabilities.

38.     Digital Risk is a company with offices in several states that provides multiple services to its clients in the mortgage industry, addressing each phase of the mortgage life cycle, including without limitation, evaluating and monitoring mortgage exposure at the loan level to

provide insight of the key reasons for-and indicators of credit, fraud and operations risks to predict and to manage loan performance.

39.     In April 2014 Mr. Givens was hired by the Defendant as a loan Processor.

40.     Defendants terminated Plaintiff on or about September 8, 2017.

41.     At the time of his termination, Mr. Givens was employed as a full time special services team member.

42.     At the time of his termination, Plaintiff was qualified for his position, as well as other positions within the company.

43.     At all times relevant, Plaintiff was able to perform the essential functions of his job.

44.     At no time during his employment, and prior to September 8, 2017, did Defendant counsel or otherwise discipline Plaintiff for violating any company policy.

45.     Defendant provided Plaintiff with health insurance as part of the company's employee benefit plan.

46.     At least as early as 2015, Plaintiff applied for and was granted FMLA protected leave for depression, anxiety and Crohn's Disease.

47.     Plaintiff renewed his intermittent FMLA leave on a yearly basis for the same disabilities.

48.     Plaintiff reported to the General Manager that he suffered from depression, anxiety and Crohn's Disease.

49.     Plaintiff remained employed as a loan Processor until he was transferred to a new group, the Shared Services Team (the "SST"), in or around July 2017.

50.     Prior to Plaintiff's transfer to the SST, Plaintiff complained to Nancy [LNU], in the human resources department, that Plaintiff was being asked to perform work by the general manager that interfered with his requested leave and need for medical treatment.

51.     On information and belief, no investigation was conducted.

52.     Not long thereafter, Mr. Givens was removed from his role as a loan specialist, along with two other co-workers, who also took FMLA covered leaves, and was placed on the SST, a clear demotion in terms of job duties.

53.     The members of the SST were solely concerned with ensuring proper documentation of the home owner's insurance policies existed.

54.     The SST job duties comprised less than one percent of the job duties of a loan processor.

55.     The SST job position was the functional equivalent of a demotion in duties.

56.     On information and belief, the remaining loan processors on Mr. Givens' team were promoted into a quality assurance member role.

57.     On information and belief, none of Mr. Given's co-workers who were promoted, had taken FMLA leave or suffered from a disability.

58.     Once on the SST, Mr. Givens discovered that a number of his team mates had also applied for FMLA leave in the past.

59.     On or about August 2, 2017, Mr. Givens requested fixed FMLA leave related to his depression, anxiety, and insomnia.

60.     While on FMLA leave in August 2017, Mr. Givens received notice that his position was eliminated and that his last day of work would be September 8, 2017.

61.     On information and belief, employees who were not part of the Shared Services team, who did not have a serious medical condition and/or did not request or take FMLA leave, were not terminated.

62.     Mr. Givens was terminated on September 8, 2017.

63.     Defendant's reasons for terminating Plaintiff are pre-textual.

64.      Defendant, through the actions more specifically alleged above and other instances of discrimination and retaliation, affected Plaintiff in a "term, condition or privilege" of his employment as envisioned by the ADA and the FMLA.

65.     At all times relevant to this action, the Defendant failed to comply with 42 U.S.C. § 12101 et. seq., because Plaintiff disclosed the nature and extent of his disabilities, requested and was given FMLA leave and was terminated by the Defendant because of his real or perceived disabilities.

66.     Defendant's discriminatory practices and discriminatory conduct was intentional, reckless, extreme, and outrageous and far exceeded the bounds of society's expectations of decency and were based on Plaintiff's disability.

67.      Defendant's reasons for terminating Plaintiff were manufactured, post hoc, after Plaintiff engaged in activities protected by the FMLA and the ADA.

68.     At the time of his termination, Plaintiff worked for a covered employer as defined by the ADA and the FMLA.

69.     At the time of his termination, Plaintiff provided notice(s) to Defendant of his need for FMLA-covered leave.

70.     At the time of his termination, Plaintiff was eligible for FMLA leave.

71.     At the time of his termination, Plaintiff provided notice(s) to the Defendant of his need for FMLA covered leave.

72.     Plaintiff's notice(s) for his need for leave was sufficient to alert Defendant that his request was for FMLA-covered leave.

73.     Plaintiff's notice(s) for his need for FMLA-covered leave was timely.

74.     Plaintiff's notice(s) for his need for FMLA-covered leave complied with Defendant's company policies, if any, regarding requests for time off.

75.     Plaintiff suffered from a serious health condition as defined by the as his condition was:

      d.    An illness, injury impairment, or physical or mental condition involving inpatient care in a hospital;

      e.    An illness, injury impairment, or physical or mental condition involving a period of incapacity or subsequent treatment in connection with or consequent to in patient care in a hospital;

      f.    An illness, injury impairment, or physical or mental condition involving a period of incapacity of more than three (3) days involving treatment two or more times by a health care provider;

      g.    An illness, injury impairment, or physical or mental condition involving a regimen of continued treatment under supervision of a health care provider; and/or

      h.    An illness, injury impairment, or physical or mental condition requiring multiple treatments for a condition that would likely result in a period in capacity of more than three (3) consecutive calendar days in the absence of medical intervention or treatment.

76.     Plaintiff was, at all times relevant, an employee as defined by the ADA, the FMLA, and the FCRA.

77.     At all times relevant, Plaintiff provided Defendant with enough information so that Defendant could reasonably determine whether the FMLA applied to his need for time off work.

78.     At all times relevant, Plaintiff provided Defendant with enough information so that Defendant could reasonably determine whether the ADA applied to his need for time off work.

79.     At all times relevant, Plaintiff provided Defendant with enough information so that Defendant could reasonably determine whether the FCRA applied to his need for time off work.

80.     Defendant's termination of Plaintiff interfered with his right to take available FMLA-covered leave.

81.     Defendant' termination of Plaintiff interfered with his right to an unqualified reinstatement to the same or similar position after taking available FMLA-covered leave.

82.      Defendant' termination of Plaintiff was in retaliation for Plaintiff requesting to take FMLA-covered leave.

83.      Defendant' termination of Plaintiff was in retaliation for Plaintiff having taken FMLA protected leave.

84.      Defendant' termination of Plaintiff was in retaliation for Plaintiff having complained of the discriminatory treatment he received after requesting FMLA protected leave.

85.      Defendant' termination of Plaintiff was in retaliation for Plaintiff having complained of the discriminatory treatment he received after taking FMLA protected leave.

86.      Defendant' termination of Plaintiff was designed to dissuade Plaintiff's coworkers from taking FMLA-covered leave.

87.      Defendant's termination of Plaintiff interfered with the rights afforded to Plaintiff by the ADA/FCRA and the FMLA.

88.      Defendant's termination of Plaintiff was designed to dissuade Plaintiff's coworkers from asserting their rights under the ADA/FCRA.

89.      Defendant fired Plaintiff in whole or in part because of his disability(ies) and/or perceived disability(ies).

90.     Defendant's termination of Plaintiff interfered with the rights afforded to Plaintiff by ERISA.

91.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need FMLA-covered leave in the future.

92.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need ADA/FCRA covered leave in the future.

93.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by Plaintiff's exercising his rights under an employee benefit plan covered by ERISA (i.e. his need to seek medical treatment covered by his health insurance).

94.     Plaintiff's FMLA-covered absences and/or his likely need for future FMLA-covered leave was a substantial or motivating factor in Defendant's decision to terminate him.

95.     Plaintiff's exercising of his rights to an employee benefit plan covered by ERISA and/or his likely need for future benefits under his ERISA-covered plan was a substantial or motivating factor in Defendant's decision to terminate him.

96.     Plaintiff's disability/perceived disability was a substantial or motivating factor in Defendant's decision to terminated him.

97.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's need for time off work under the FMLA.

98.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's exercising of his rights under an employee benefit plan covered by ERISA.

99.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's disability/perceived disability.

100.    Plaintiff was entitled to FMLA-covered leave pursuant to 29 U.S.C. §2612(a)(1).

101.    Defendant's actions violate the provisions of 29 U.S.C. §2615(a).

102.    Defendant's actions violate the provisions of 29 U.S.C. §2614(a).

103.    Defendant's actions constitute interference with Plaintiff's rights under the FMLA.

104.    Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

105.    Defendant's actions constitute discrimination in violation of Plaintiff's rights under the FMLA.

106.    Defendant's actions constitute discrimination in violation of Plaintiff's rights under Section 510 of ERISA.

107.    Defendant's actions constitute interference with Plaintiff's right to an employee benefit plan covered by ERISA.

108.    Defendant's actions constitute discrimination in violation of the ADA.

109.    Defendant's actions constitute interference with Plaintiff's rights under the ADA.

110.    Defendant's actions constitute discrimination in violation of the FCRA.

111.    Defendant's actions constitute retaliation for requesting a reasonable accommodation under the ADA-AA and the FCRA.

112.    Defendant's actions were willful as Defendant knew or had reason to know that its actions violated federal or state law, yet Defendant acted wantonly or with reckless disregard for the law.

113.    Defendant is liable for the actions of its managers and/or agents taken within the scope of their employment with Defendants and its related entities, including the decision to terminate Plaintiff.

114.    As a result of Defendant's conduct, Plaintiff suffered embarrassment, humiliation, stress, anxiety, fear and dignitary harm.

115.    Defendants' actions, if left unchecked, will deter other employees from exercising their rights under ERISA, the ADA, the FCRA and/or the FMLA which will in turn thwart the purposes of Congress in ensuring that a balance exists between work and healthy workers.

## COUNT I
## INTERFERENCE WITH FMLA RIGHTS

116.    Plaintiff re-alleges paragraphs 1 through 114 of the Complaint, as if fully set forth herein.

117.    Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

118.    Defendant was Plaintiff's employer as defined by the FMLA.

119.    At all times relevant hereto, Plaintiff had not exhausted his entitlement to FMLA leave.

120.    At all times relevant hereto, Defendant interfered with Plaintiff's right to take FMLA leave under the FMLA.

121.    At all times relevant hereto, the Defendant interfered with Plaintiff's right to be reinstated to his or an equivalent position.

122.    Defendant's failure to reinstate Plaintiff to the same or similar position constitutes interference with Plaintiff's rights under the FMLA.

123.    Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

124.    Defendant's termination of Plaintiff while Plaintiff was out on FMLA qualifying leave, and prior to exhausting his remaining leave, constitutes interference with Plaintiff's rights under the FMLA.

125.    Defendant's termination of Plaintiff because it knew Plaintiff would likely seek FMLA-covered leave in the future as a result of Plaintiff's serious medical condition constitutes interference with Plaintiff's rights under the FMLA.

126.    Plaintiff was denied benefits to which he was entitled under the FMLA.

127.    As a direct, natural, proximate and foreseeable result of the actions of the Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

128.    Plaintiff has no plain, adequate or complete remedy at law for the actions of the Defendant, which have caused and continues to cause irreparable harm.

129.    Defendant's violations of the FMLA were willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the FMLA..

130.    Plaintiff is entitled to liquidated damages because Defendant cannot show that its violation of the FMLA was in good faith.

WHEREFORE, Plaintiff, Terrance Givens respectfully requests entry of:

a.      judgment in his favor and against  Defendant for its interference with his rights under the FMLA;

b.      judgment in his favor and against  Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of  Defendant's conduct;

c.      judgment in his favor and against  Defendant for his reasonable attorney's fees and litigation expenses;

d.      judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.      declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## RETALIATION IN VIOLATION OF THE FMLA

131.    Plaintiff re-alleges paragraphs 1 through 114 of the Complaint, as if fully set forth herein.

132.    Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

133.     Defendant was Plaintiff's employer as defined by the FMLA.

134.    Defendant discriminated and/or retaliated against Plaintiff because he exercised his rights under the FMLA or attempted to exercise his rights under the FMLA.

135.    Defendant discriminated and/or retaliated against Plaintiff because he was likely to exercise his rights under the FMLA in the future.

136.    Defendant discriminated and/or retaliated against Plaintiff because he complained about unfair employment practices and adverse employment actions taken as a result of his exercise of rights under the FMLA.

137.    Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

138.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

139.    Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

140.    Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

141.    As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

142.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused and continue to cause irreparable harm.

143.    Because Defendant cannot prove that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

144.    Defendant's violation of the FMLA was willful, as its managers / human resource personnel engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE, Plaintiff, Terrance Givens respectfully requests entry of:

a.    judgment in his favor and against  Defendant for its interference with his rights under the FMLA;

b.    judgment in his favor and against  Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of  Defendant's conduct;

c.    judgment in his favor and against  Defendant for his reasonable attorney's fees and litigation expenses;

d.    judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.    declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

     f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## DISABILITY/PERCEIVED DISABILITY DISCRIMINATION UNDER THE ADA

145.    Plaintiff re-alleges paragraphs 1 through 114 of the Complaint, as if fully set forth herein.

146.    Plaintiff is a qualified individual under 42 U.S.C. 12111(8) in that he has a serious critical medical condition.

147.    Defendant perceived Plaintiff to have a disability.

148.    Plaintiff has the requisite education and skills to perform and can perform the essential functions of her position, and either held or desired to hold a position with Defendants.

149.    Defendant was an "employer" within the meaning of the ADA.

150.    Plaintiff was a qualified employee.

151.    Plaintiff engaged in protected activity under the ADA.

152.    Defendant targeted Plaintiff and treated him differently and worse than other employees after he disclosed his disability.

153.    Defendant targeted Plaintiff and treated Plaintiff differently and worse than other employees who did not have a disability.

154.    Defendant targeted Plaintiff and treated him differently and worse than other employees after he stated an intention to request and requested FMLA protected leave.

155.    Defendant terminated plaintiff after he requested FMLA protected leave, which serves as a reasonable accommodation under the ADA.

156.    With actual knowledge of Plaintiff's disability, Defendant demoted Plaintiff by moving him to the Shared Services Team.

157.    With actual knowledge of Plaintiff's disability, Defendant terminated Plaintiff, in

whole or in part, because of his disability.

158.    Defendant further terminated Plaintiff, in whole or in part, because of his request for reasonable accommodation pursuant to the FMLA.

159.    Defendant wrongfully terminated, discriminated against, harassed, failed to accommodate, and made Plaintiff endure a hostile work environment on the basis of his disabilities, real or perceived, in violation of the ADA and 42 U.S.C. § 12112.

160.    Plaintiff has been damaged by the Defendant in violation of the ADA and suffered damages which include past and future wages and benefits, loss of reputation, loss of savings and detrimental effect on his credit, emotional distress, and mental pain and anguish.

161.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably, injured Plaintiff, including but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

162.    The conduct of Defendant was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

WHEREFORE Plaintiff, Terrence Givens, respectfully requests entry of:

a.      judgment in his favor and against Defendant for violation of the anti-discrimination provisions of the ADA;

b.      judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.      judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional

distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.      judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

e.      judgment in his favor and against Defendant for punitive damages;

f.      declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV

## RETALIATION, INTERFERENCE, COERCION AND/OR INTIMIDATION OF PLAINTIFF FOR EXERCISING RIGHTS ADA

Plaintiff re-alleges paragraphs 1 through 114 of the Complaint, as if fully set forth herein.

163.    Title I of the ADA, 42 U.S.C. § 12111 requires that Defendant provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with disabilities, including but not limited to leave and/or an accommodation.

164.    During the time Plaintiff was employed by the Defendant, Plaintiff engaged in protected activity under the ADA.

165.    Plaintiff also opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to harassment, and/or discrimination on the basis of his disability.

166.    The Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity.

167.    During the time Plaintiff was employed by the Defendant, he exercised and /or enjoyed rights granted and/or protected by the ADA, including, but not limited to, requesting and

making use of reasonable accommodations for his disability.

168.     Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADA.

169.     Defendant terminated Plaintiff's employment after he exercised a right afforded under the ADA.

170.     While Plaintiff was out on FMLA leave due to his disability and need for medical treatment, the Defendant terminated the Plaintiff's employment.

171.     Under the ADA, the Defendant was legally obligated to refrain from retaliating against Plaintiff because of his request for accommodation of medical leave for his disability.

172.     Under the ADA, the Defendant was legally obligated to refrain from retaliating against Plaintiff because of his objection to illegal discrimination based on his disability.

173.     Notwithstanding this obligation under the ADA and in willful violation thereof, Defendant retaliated against Plaintiff because he took FMLA leave and Defendant perceived the Plaintiff to have a disability and knew and/or believed that the Plaintiff would require additional leave due to his disability.

174.     As a direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the ADA, Plaintiff has suffered damages in an amount to be determined at trial.

175.     Plaintiff has been damaged by the Defendant in violation of the ADA and suffered damages which include past and future wages and benefits, loss of reputation, loss of savings and detrimental effect on his credit, emotional distress, and mental pain and anguish.

176.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably, injured Plaintiff, including but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary

losses.

177.    The conduct of Defendant was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

WHEREFORE Plaintiff, Terrence Givens, respectfully requests entry of:

a.     judgment in his favor and against Defendant for violation of the anti-retaliation provisions of the ADA;

b.     judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.     judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.     judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

e.     judgment in his favor and against Defendant for punitive damages;

f.     declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.     an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT V

## UNLAWFUL DISCRIMINATION/RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Plaintiff re-alleges paragraphs 1 through 114 of the Complaint, as if fully set forth herein.

178.   Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

179.   Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

180.   Plaintiff requested a reasonable accommodation, medical leave for the care and treatment of his medical condition.

181.   The Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled because of his disability.

182.   The Defendant terminated Plaintiff on the basis of his disability or because Defendant regarded Plaintiff as disabled because of his disability in violation of the FCRA.

183.   Defendant terminated Plaintiff in retaliation for having requested and taken a reasonable accommodation, medical leave for the care and treatment of his medical condition.

184.   As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

185.   The Defendant engaged in discrimination and retaliation against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

186.   Plaintiff suffered emotional pain and mental anguish as a direct result of the Defendant's unlawful discrimination and retaliation.

187.   Plaintiff has suffered pecuniary losses as a direct result of the Defendant's unlawful discrimination and retaliation.

188.   As a result of the Defendant's unlawful discrimination and retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE Plaintiff, Terrence Givens, respectfully requests entry of:

a.      judgment in his favor and against Defendant for violation of the anti-discrimination/retaliation provisions of the FCRA;

b.      judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.      judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.      judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

e.      judgment in his favor and against Defendant for punitive damages;

f.      declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VI
## VIOLATION OF SECTION 510 ERISA

189.   Plaintiff re-alleges paragraphs 1 through 114 of the Complaint, as if fully set forth herein.

190.   Defendant provided Plaintiff with an employee welfare plan as defined by 29 U.S.C. §1002(a), specifically health insurance.

191.   Beginning in 2014 and continuing until his unlawful termination, Plaintiff was enrolled in the benefits provided under the company's health insurance plan.

192.   Plaintiff's supervisors and human resources were aware that Plaintiff sought

weekly medical treatment for his disabilities.

193.   Plaintiff's supervisors were aware that Plaintiff's doctor had ordered Plaintiff to undergo intensive psychiatric treatment.

194.   Defendant knew or should have known that Plaintiff's utilization of his employee benefit plan would continue, particularly since he requested FMLA leave to undergo the intensive psychiatric treatment.

195.   Defendant retaliated/discriminated against Plaintiff by terminating his employment.

196.   Defendant interfered with Plaintiff's right to exercise his ERISA-covered employee benefit plan.

197.   Defendant's termination of Plaintiff was designed, in part, to discourage other employees from taking sick days and/or filing claims under their employee benefit plans.

198.   Defendant fired Plaintiff, in whole or in part, because Defendant did not wish to bear the costs of Plaintiff's healthcare.

199.   Defendant interfered with Plaintiff's right to obtain medical care.

200.   Defendant discriminated against and discharged Plaintiff for exercising his right to medical care under the company's employee benefit plan.

201.   Defendants fired Plaintiff in violation so 29 U.S.C. § 1140.

WHEREFORE, Plaintiff, Terrence Givens, hereby demands entry of judgment in his favor and against Defendant, for any and all equitable relief available including but not limited to payment of all medical bills, statutory damages, reinstatement and back pay as required by ERISA, as well as payment of his attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 29th day of July 2019.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3017

/s/*Paul M. Botros*
Paul M. Botros, Esquire
FL Bar No.:  063365
E-mail: pbotros@forthepeople.com

*Trial counsel for Plaintiff.*